# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MARTINEZ ORLANDO PEREZ,**

    **Plaintiff,**

vs.                                                                    Case No.  4:20cv102-TKW-CAS

**SERGEANT TOMPKINS, et al.,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se and with in forma pauperis status, has filed a second amended civil rights complaint, ECF No. 11.  The second amended complaint [hereinafter "complaint"] has been reviewed as required by 28 U.S.C. § 1915A.

First, Plaintiff has included the Florida Department of Corrections as a Defendant and seeks to hold the Department liable for the actions of two prison officials.  ECF No. 11 at 7-8.  However, the Department of Corrections is not a "person" that may be sued under § 1983.  Will v. Michigan Dep't of State Police, 491 U.S. 58, 109 S. Ct. 2304, 2308-2311, 105 L. Ed. 2d 45 (1989).  Furthermore, the State of Florida and its agencies

are immune from suit in this Court by force of the Eleventh Amendment. Carr v. City of Florence, Alabama, 916 F.2d 1521, 1524 (11th Cir. 1990). Thus, the complaint is insufficient as Plaintiff cannot present a valid claim against the Department of Corrections.

Additionally, Plaintiff contends that Defendant Tompkins denied his request to declare a "medical emergency." ECF No. 11 at 5. Plaintiff alleged that Defendant Tompkins took him to confinement, but did not first take him to medical for a "required" pre-confinement medical screening. *Id.* at 6. Plaintiff also claims he did not receive any medical care for approximately 12 hours after declaring a "medical emergency." *Id.*

To present a denial of medical care claim, Plaintiff must demonstrate that a defendant was deliberately indifferent to a serious medical need. McElligott v. Foley, 182 F.3d 1248, 1254 (11th Cir. 1999). Here, Plaintiff has not demonstrated that he suffered a medical "emergency" or that he had a serious medical need. A "'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536

U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002) (quoting Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H. 1977)).  Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm."  Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009) (citing Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003)).  In this case, Plaintiff claimed only that he felt dizzy and was concerned that he was going to have a seizure, but it does not appear that Plaintiff suffered a seizure or that he experienced any issue due to not being examined by medical staff for approximately 12 hours.  Plaintiff suffered no harm by the delay.

Plaintiff said that he was "later placed on medication for" his shoulder injury.  ECF No. 11 at 8.  That vague claim of injury is insufficient to show a serious medical need.  Furthermore, having to wait 12 hours for a medical evaluation is not unconstitutional.  It happens in the same manner outside of the prison context.  Even in the "free world," some delay in receiving medical care is to be expected.  Thus, Plaintiff's claim of having to wait 12 hours for treatment for an unspecified shoulder injury is insufficient.  There are no allegations that Plaintiff made complaints of extreme pain that were

ignored. Thus, the Eighth Amendment claim for the denial of medical care should be dismissed.

Plaintiff alleged also that Defendant Oliver threatened to spray Plaintiff with chemical agent if he did not "shut up." ECF No. 11 at 5-7. A verbal threat to use chemical agents on a prisoner is not unconstitutional. This claim is insufficient as a matter of law.

Finally, Plaintiff also attempted to assert a claim for the unnecessary use of force by Defendant Tomkins. *Id.* at 5. Plaintiff contends that the Defendant pulled his arms up uncomfortably when handcuffing Plaintiff. *Id.*

A claim that a prison official unnecessarily used excessive physical force on a prisoner falls within the Cruel and Unusual Punishments Clause. The "core judicial inquiry" for this claim uses the standard set forth in Whitley v. Albers, 475 U.S. 312, 106 S. Ct. 1078, 89 L. Ed. 2d 251 (1986): "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." Hudson v. McMillian, 503 U.S. 1, 6, 112 S. Ct. 995, 998, 117 L. Ed. 2d 156 (1992) (quoting Whitley, at 320-21, 106 S. Ct. at 1085); *see also* Sconiers, 946 F.3d at 1265 and 1267 (noting that the core inquiry is "the nature of the force - specifically, whether it was nontrivial and was applied

maliciously and sadistically to cause harm"). Demonstrating an excessive use of force "requires a prisoner to establish two elements—one subjective and one objective: the official must have both 'acted with a sufficiently culpable state of mind' (the subjective element), and the conduct must have been 'objectively harmful enough to establish a constitutional violation.'" Sconiers, 946 F.3d at 1265 (quoting Hudson, 503 U.S. at 8). To meet the subjective element, a prisoner must show that the excessive force was "sadistically and maliciously applied for the very purpose of causing harm." 946 F.3d at 1265 (quoting Johnson v. Breeden, 280 F.3d 1308, 1321 (11th Cir. 2002)); see also Thomas v. Bryant, 614 F.3d 1288, 1304 (11th Cir. 2010). The objective component "focuses on whether the official's actions were 'harmful enough,' Hudson, 503 U.S. at 8, 112 S. Ct. 995, or 'sufficiently serious,' Wilson v. Seiter, 501 U.S. 294, 298, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991), to violate the Constitution." 946 F.3d at 1265. Nevertheless, "[u]nder the objective component of an Eighth Amendment claim, the force used, not the injury sustained, is what 'ultimately counts.'" Id. at 1267 (quoting Wilkins v. Gaddy, 559 U.S. 34, 38, 130 S. Ct. 1175, 175 L. Ed. 2d 995 (2010)).

Analysis of excessive force claims must consider that "not 'every malevolent touch by a prison guard gives rise to a federal cause of action.'" Wilkins, 559 U.S. at 37, 130 S. Ct. at 1178 (quoting Hudson, 503 U.S. at 9, 112 S. Ct. 995); *see also* 946 F.3d at 1265.  Furthermore, "'routine discomforts' and other de minimis uses of physical force do not trigger the 'Eighth Amendment's prohibition on cruel and unusual punishments.'" Hudson, 503 U.S. at 9-10, 112 S. Ct. at 1000 (quotation marks omitted) (quoted in Thompson v. Smith, 805 F. App'x 893, 901 (11th Cir. 2020)).

Here, Plaintiff has not shown either the subjective or objective elements of this claim.  There are no facts alleged which show that the Defendant intended to harm Plaintiff.  Moreover, Plaintiff suffered no identifiable harm beyond his asserted discomfort.  Plaintiff said his already injured shoulder was "worsened," but he does not provide any factual allegations which demonstrate that he suffered an 'objectively harmful enough" injury to support an Eighth Amendment violation.  Plaintiff has not alleged facts which show that the manner in which he was handcuffed was either "cruel" or "unusual."

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's second amended complaint, ECF No. 11, be **DISMISSED** for

Case No. 4:20cv102-TKW-MAF

failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and that the Order adopting this Report and Recommendation direct the Clerk of Court to note on the docket that this cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

**IN CHAMBERS** at Tallahassee, Florida, on July 14, 2020.


 S/    Martin A. Fitzpatrick
**MARTIN A. FITZPATRICK**
**UNITED STATES MAGISTRATE JUDGE**

## **NOTICE TO THE PARTIES**

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**